**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No: 1: 19 – CV – 1878**

JAMES B. JOHNSON,

    Plaintiff,

v.

HEWLETT PACKARD ENTERPRISE COMPANY,
D/B/A HEWLETT PACKARD ENTERPRISE, and
HEWLETT PACKARD ENTERPRISE LONG-TERM DISABILITY PLAN,

    Defendant.

---

### COMPLAINT

---

**COMES NOW** the Plaintiff, James B. Johnson, by and through his attorney, Michael S. Krieger of Michael S. Krieger, LLC, with his Complaint against Defendants Hewlett Packard Enterprise Company, d/b/a Hewlett Packard Enterprise ("Hewlett") and Hewlett Packard Enterprise Long-Term Disability Plan.

1. This is a civil action for disability benefits owed to James B. Johnson ("Plaintiff"), arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including 29 U.S.C. § 1132(a). Plaintiff seeks judicial review of the denial of disability and/or other benefits by Defendants.

*JURISDICTION AND VENUE*

2. The United States District Court in and for the District of Colorado has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 1132(e)(1).

3. Venue is proper in Colorado, pursuant 29 U.S.C. § 1132(e)(2), because Hewlett does business in Colorado and has a registered agent in Colorado.

## *PARTIES*

4. Plaintiff resides at 6105 Colony Circle, Colorado Springs, CO 80919

5. Plaintiff is, at the time of filing this Complaint, 39 years old.

6. Hewlett employed Plaintiff as an IT Customer Service Representative in April of 2001, was designated a Top-Rated Performer for the majority of his career and promoted eventually to IT Operations Manager.

7. The job of IT Operations Manager required Plaintiff to be able to stand and walk for up to 2 hours, sit at least 6 hours per day, use a computer for approximately 6 hours per day, constantly use hands, wrists and arms, interact frequently with co-workers, and engage in complex decision-making in a cognitively demanding environment requiring extreme attention to detail.

8. The Defendants retained Sedgwick Claim Management Services, Inc. ("Sedgwick"), as Defendant's claims administrator for the Plan. Sedgwick has been communicating with Plaintiff concerning disability benefits.

9. Sedgwick has represented that Hewlett sponsors an entity called by Sedgwick the Hewlett Packard Enterprise Long-Term Disability Plan.

10. Although Hewlett purports to have an employee benefit plan called the Hewlett Packard Enterprise Long-Term Disability Plan, no such employee benefit plan is mentioned in a Form 5500 filed with the Employee Benefits Security Administration of the United States Department of Labor between January 1, 2015, and June 1, 2019.

11.  Despite the fact that no Form 5500 is of record with the United States Department of Labor, as required by federal law, Plaintiff alleges that the name of the plan involving Hewett's long term disability income benefits is called the Hewlett Packard Enterprise Long-Term Disability Plan ("Hewlett LTD Plan").

12.  Because no Form 5500 is of record with the United States Department of Labor, as required by federal law, it is unknown whether the Hewlett LTD Plan is an insured benefit or whether Hewlett is required to pay directly through general revenues.

*STANDARD OF REVIEW*

13.  Defendants have acted as an adversary of Plaintiff under the circumstances of this claim, through their agent, Sedgwick, as opposed to acting as fiduciaries.

14.  Defendants have not properly delegated discretionary authority, if any, to Sedgwick with respect to claims brought against the Hewlett LTD Plan.

15. Defendants have an inherent and actual conflict of interest in the claim administration process in this case, because Defendants determine the validity of Plaintiff's claim and are also responsible for paying all disability benefits.

16.  In the alternative, if the Hewlett LTD Plan is an insured benefit, any term, provision or clause purporting to provide administrative discretion or deference to the Defendants or their agent, Sedgwick, to determine eligibility for benefits under the LTD plan, define the terms of the LTD plan or making any plan decisions, is void pursuant to C.R.S. § 10-3-1116, which makes mandatory a *de novo* review of the entitlement to disability benefits.

17. In the alternative, the acts and omissions of Defendants constitute procedural irregularities that are serious enough to dial-back the administrative discretion allegedly reserved to Defendant in a degree to be determined by the Court.

18. In the alternative, the acts and omissions of Defendant were arbitrary and capricious, subjecting Defendants to the damages, benefits and other remedies sought by Plaintiff in this case.

## CLAIM FOR RELIEF

19. Plaintiff has suffered or suffers from migraine headaches, spinal and other bodily pain, chronic fatigue, unintentional weight loss, insomnia, difficulty concentrating, cognitive fogginess, seropositive rheumatoid arthritis involving multiple sites with positive rheumatoid factor, severe asthma, hypertension, hip bursitis, costochrontitis (chest pain), medication management issues and side effects, nerve pain in his feet, irritable bowel syndrome with diarrhea, vertigo, swollen joints, and esophageal disease, among other disorders and conditions.

20. Plaintiff has tried many medications to control the maladies listed in paragraph 19 above, including Orencia, Benadryl, Humira, Cimzia, Embrel, Plaquenil, Methotrexate, Leflunomide Ambien, Cevimeline HCL, Cymbalta, Drysol, Hydrocodone-Acetaminophen, Zolpidem Tartrate, Valacyclovir, Mucinex, Neurotin 300, Oxybutynin Chloride, Tizanidine HCl, Calacyclovir, Proair HFA, and Prilosec, among other medications, and has failed many such medications.

21. Plaintiff has the support of several treating and evaluating medical sources for his claim that he is disabled, including Dominik Sokalski, MD, Austin Corbett, MD,

Michael Nobel, William Lunt, MD, Roy C. Brown, MD, Isabell Amigues, MD, and Kristine M. Couch, OTR.

22. Even the Defendants' own medical examiner, R. L. Broghammer, MD, found that Plaintiff had very little ability to sustain typing or keyboarding and would require 20 minutes of rest after 20 minutes of keyboarding, which would make it impossible to perform his prior work at a computer for 8 hours per day.

23. Plaintiff has not engaged in work since March 15, 2016.

24. Plaintiff has difficulty with his activities of daily living, requires very frequent positional changes to moderate pain and discomfort, suffers from falls and near falls due to his vertigo condition, has limited walking, standing and sitting, and has very limited lifting abilities.

25. Plaintiff was found eligible for short term disability benefits, exhausted said benefits, and applied for LTD benefits under the Plan.

26. Defendant denied Plaintiff LTD benefits in a letter dated April 3, 2018.

27. Plaintiff appealed the denial of LTD benefits in a letter dated Oct 1, 2018.

28. Defendants, in a letter dated Dec 31, 2018, denied Plaintiff's appeal.  Said denial of Dec 31, 2018, constitutes the final denial of Plaintiff's claim.

29. Plaintiff has exhausted his administrative remedies under ERISA.

30. In wrongfully denying benefits to Plaintiff, Defendants failed to comply with their fiduciary duties under ERISA, through the following acts and omissions:

    a. Taking unreasonable actions as a decision-maker, while in an inherent and actual conflict of interest, as Defendants are the adjudicator(s), investigator(s), payer(s) and underwriter(s) of the benefits under the Plan;

    b. Failing to give Plaintiff specific reasons why certain items of medical evidence, including the opinions of treating physician(s), were discounted by Defendants;

    c. Denying benefits based upon a selective and self-serving review of the medical, social media and other records, "cherry-picking" portions of these records, making speculative assumptions about the meaning of statements and photos obtained thru social media, establishing inappropriate criteria for medical findings and ignoring treating medical providers; or

    d. Failing to perform other acts which a reasonable, full and fair review of this claim requires under the circumstances of this individual case; and/or

  31. Plaintiff is entitled to receive all disability and other plan benefits from the effective date of termination of his long term disability benefits, reinstatement of any waiver of premium benefit and, consequently, any group life insurance benefits, reinstatement of any and all other applicable continuing benefits, prejudgment interest at the rate of 8% under Colorado law on all back-due benefits, and reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1) and C.R.S. § 10-3-1116(1).

  ***WHEREFORE,*** Plaintiff requests the following from this Honorable Court:

  a. Declaratory relief as may be appropriate, ordering the Defendants to pay any and all back-due benefits and reinstate any future benefits, including but not limited to long term disability and group life insurance waiver of premium benefits, if any;

  b. Order Defendants to pay prejudgment and/or other interest on any back-due benefits at the rate set by Colorado law (8%) or other applicable statute;

    c. Order Defendants to pay all court costs and expenses and the reasonable attorney fees of Plaintiff pursuant to ERISA and C.R.S. § 10-3-1116(1); and

    d. Grant such other relief as may be proper.

Signed this 20th of June, 2019.

> ***s/Michael S. Krieger***
> ***Michael S. Krieger***
> Michael S. Krieger, LLC
> Noel & Krieger
> 165 South Union Boulevard, #555
> Lakewood CO 80228
> Ph: 303-781-5559   Fax: 303-781-1349
> Mike@Krieger.Law