IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No: 1:19-cv-1878-RBJ**

JAMES B. JOHNSON

    Plaintiff,

v.

HEWLETT PACKARD ENTERPRISE COMPANY d/b/a
HEWLETT PACKARD ENTERPRISE, and
HEWLETT PACKARD ENTERPRISE LONG-TERM DISABILITY PLAN,

---

CIVIL CASE SCHEDULING ORDER IN AN ERISA ACTION

---

**1. APPEARANCES OF COUNSEL**

    Appearing for the Plaintiff.

        Michael S. Krieger
        Michael S. Krieger, LLC
        165 South Union Blvd., Ste. 555
        Lakewood, CO  80228
        Phone:  303-781-5559
        Fax:  303-781-1349
        mike@Krieger.Law

    Appearing for Defendant:

        Heather Fox Vickles
        Sherman & Howard, LLC
        633 Seventeenth Street, Suite 3000

1

Denver, CO 80202
Phone:  303-299-8194
hvickles@shermanhoward.com

J. Timothy McDonald (Appearing by telephone)
Thompson Hine LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
Telephone:    (404)407-3623
Facsimile:     (404)541-2905
tim.mcdonald@thompsonhine.com

## 2. STATEMENT OF JURISDICTION

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a.**    **Plaintiff:**  Plaintiff is 39 years of age.  He worked last as an IT Operations Manager for the Defendant Hewlett Packard Enterprise Company.  His last day of work was March 15, 2016.

Plaintiff has suffered or suffers from migraine headaches, spinal and other bodily pain, chronic fatigue, unintentional weight loss, insomnia, difficulty concentrating, cognitive fogginess, seropositive rheumatoid arthritis involving multiple sites with positive rheumatoid factor, severe asthma, hypertension, hip bursitis, costochrontitis (chest pain), medication management issues and side effects, nerve pain in his feet, irritable bowel syndrome with diarrhea, vertigo, swollen joints, and esophageal disease, among other disorders and conditions.

Plaintiff has tried many medications to control the maladies listed above, including Orencia, Benadryl, Humira, Cimzia, Embrel, Plaquenil, Methotrexate, Leflunomide Ambien, Cevimeline HCL, Cymbalta, Hydrocodone-Acetaminophen, Drysol, Zolpidem Tartrate, Valacyclovir, Mucinex, Neurotin 300, Oxybutynin Chloride, Tizanidine HCl, Calacyclovir, Proair HFA, and Prilosec, among other medications, and has failed many such medications.

b.  **Defendant:**

The Hewlett Packard Enterprise Long-Term Disability Plan determined that Plaintiff no longer met the standard of Total Disability under the Plan as of March 16, 2018.  The final decision under the Plan was made by independent claims administrator Sedgwick Claims Management Services, Inc.

The Plan sets progressively more rigorous standards for Long-Term Disability. For the first 26 weeks, Plaintiff need only show he could not perform the material and essential functions of his Usual Occupation at Hewlett Packard.  After that, for another 18 months, the standard requires him to show that he could not perform the material and essential duties of his Own Occupation generally. Then, after that two-year period, Plaintiff must show he could not perform any occupation for which he is or may be qualified by reason of his education, training or experience.  Moreover, the Plan excludes coverage for nervous or mental disorders after that twenty-four-month period.

After reviewing all of the information in Plaintiff's massive file, Sedgwick concluded that Plaintiff could not meet this most rigorous standard as of March 16, 2018.

Under the terms of the Plan, Sedgwick had discretion to make determinations of eligibility for long-term disability benefits.  It was persuaded by an independent medical evaluation and a file review by another physician.  Those generally showed nothing more than a "benign and largely unremarkable" physical examination.

Vocationally, Plaintiff was found to be able to perform available work in his geographic area.  Based on all of the information in Plaintiff's file, Sedgwick concluded that Plaintiff was no longer entitled to long-term disability on an ongoing basis as of March 16, 2018.

## 4. COMPUTATION OF DAMAGES

a. **Plaintiff's computation:**  Plaintiff's pre-disability earnings were $6852 per month and 60% of this sum is $4111.  SSDI have not yet been awarded and the matter of Plaintiff's claims for SSDI is on appeal, but said benefits would be $2248 per month if awarded.   Defendant would entitled to a full offset, making the net LTD payment due (after SSDI offset) equal to $1863.

*Back-due:*  LTD was denied, effective March 16, 2018, by Defendant(s).  The gross back-due benefit from March 16, 2018 to January 16, 2020 (22 months is **$40.986** (assuming SSDI is eventually awarded).

Assuming that SSDI benefits are eventually awarded, there will be a period of 24 months of overpayment of benefits, which may be approximately $53,952.  For the purposes of further calculations, this figure has not been included.

*Interest at 8% on back-due benefits*: $3000, based on the net figure of $40,986.  However, any interest would be offset due to Plaintiff's overpayment issue.

*Future benefits:* LTD benefits are payable to Plaintiff's 67th birthday, which birthday will occur on May 18, 2047, which is.  That period is 27 years and 2 months or 327 months.   Assuming Plaintiff remains disabled for this entire period, the total potential future benefit (without discount for present value) would be $609,201:

Discounting the $609,201 to present value:

**At 3%:**    $416,047         **At 4%:**    $371,254         **At 5%:**    $333,228

b. **Defendant:**

Plaintiff must continue to be qualified for long-term disability benefits on an ongoing basis.  Therefore, no benefits would be awarded beyond the date eligibility is confirmed based on the administrative record even if Plaintiff prevailed.  Further development of the record at the administrative level would be necessary for any determination for any future period.  Further, if any benefits were awarded, the applicable interest rate in 29 U.S.C. § 1961 would likely be less than 2%.

Defendant does not know what Plaintiff's Social Security Disability Insurance benefit amount  would be were those benefits granted, but agrees that if any are awarded for the period prior to March 16, 2018, Plaintiff owes those amounts to the Plan, and that for each month thereafter, any recovery would be offset by such an amount received by Social Security.  Further, should Defendant prevail in this action, and Plaintiff prevail in his Social Security action, Plaintiff would owe the Plan an overpayment as Plaintiff notes in the third paragraph of his damages computation insert above.  To the Plan's knowledge, Plaintiff has not prevailed in his Social Security action at this time and Plaintiff has acknowledged that he would owe that amount to the Plan

and would pay it if he receives it, so the Plan does not have a counterclaim. If Plaintiff does later prevail in his Social Security action, owes the amount to the Plan and does not pay it, the Plan reserves the right to seek leave to amend and add a counterclaim in this action, or to seek recovery in a separate action if this action has already concluded.

The Plan agrees that Plaintiff's gross monthly benefit under the Plan is $4,110 or less.

### 5. CONSENT

All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

### 6. CASE PLAN AND SCHEDULE

a. Deadline for Defendant to produce the Administrative Record to Plaintiff:

**February 4, 2020**

b. Deadline for filing any Motion Requesting Discovery: **March 4, 2020**

*[A party moving for discovery must set forth in their motion the factual and legal bases for the requested discovery, and must append to their motion proposed interrogatories and/or requests for production. A party requesting depositions should also provide a list of proposed deponents and a brief summary of the information to be sought from each deponent.]*

c. Deadline for Filing a Motion to Supplement the Administrative Record:

**April 6, 2020.**

Any party moving to supplement the administrative record must set forth in his, her or its motion the factual and legal bases for the requested relief and must identify the documents, materials or facts sought to be incorporated into the administrative record. If no motion for discovery is filed, the ERISA briefs will be due as follows:

    d.    Deadline for submission of the Administrative Record or Index pursuant to *Vaughn v. Rosen*, 484 F.2d. 820 (D.C. Cir 1973):  **May 4**, **2020.**  The parties anticipate filing a joint motion, pursuant to D.C.COLO.LCivR 7.2, seeking Level 1 restriction of access to the Administrative Record.

    e.    Deadline for filing Plaintiff's Opening Brief:   **June 4, 2020**

    f.    Deadline for filing Defendant's Response Brief:  **Thirty (30) days after the filing of Plaintiff's Opening Brief or July 7, 2020, whichever is later.**

    g.    Deadline for filing Plaintiff's Reply Brief:  **Twenty (20) days after the filing of Defendant's Response Brief or August 7, 2020, whichever is later**

    h.    Deadline for filing the Joint Motion for Determination:  **Thirty (30) days after the filing of Defendant's Response Brief or August 7, 2020, whichever is later.**

## 7.  CONFERENCES

The parties certify that they have discussed the possibilities for a prompt settlement or resolution of this case by alternate dispute resolution.  The parties have agreed to pursue settlement through informal discussions. They also agree that they may pursue private mediation or request a settlement conference with the court if informal discussions stall.

    a.    An early neutral evaluation will be held on _____ at _____ o'clock ___.m.

    ( )    Pro se parties and attorneys only need be present.

    ( )    Pro se parties, attorneys, and client representatives must be present.

Active/51106590.1

( )   Each party shall submit a Confidential Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.   Status conferences will be held in this case at the following dates and times: _____.

## 8. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

DATED this 15th day of January, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United State District Court Judge

Active/51106590.1

APPROVED:

*/s/  Michael S. Krieger*
Michael S. Krieger
Michael S. Krieger, LLC
Noel & Krieger
165 South Union Blvd., Ste. 555
Lakewood, CO  80228
Telephone:   303-781-5559
Fax: 303-781-1349
Mike@Krieger.Law
*Attorneys for Plaintiff*

*/s/ Heather Fox Vickles*
Heather Fox Vickles
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 299-8194
Facsimile:  (303) 298-0940
hvickles@shermanhoward.com

*/s/ J. Timothy McDonald*
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
Telephone:    (404)407-3623
Facsimile:    (404)541-2905
tim.mcdonald@thompsonhine.com

*Attorneys for Defendants*

Active/51106590.1